2025 IL App (1st) 250532

No. 1-25-0532B

Order filed May 30, 2025

Fifth Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 22 CR 0063701 |
| | ) | |
| ERIC ROSS, | ) | Honorable |
| | ) | Alfredo Maldonado, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE ODEN JOHNSON delivered the judgment of the court.
Presiding Justice Mikva and Justice Mitchell concurred in the judgment.

**ORDER**

¶ 1    *Held*:   We dismiss defendant's appeal where the record does not indicate compliance with
Illinois Supreme Court Rule 604(h)(2) (eff. Apr. 15, 2024) by the filing of a motion
for relief in the trial court and an order on said motion for relief, which waives all
arguments before this court pursuant to the Rule.

¶ 2    Defendant Eric Ross appeals his pretrial detention pursuant to Illinois Supreme Court Rule

604(h) (eff. Apr. 15, 2024), entered on January 16, 2025, pending the State's petition for violation

of probation (VOP) hearing and warrant/setting of bail. For the reasons that follow we dismiss the appeal.

¶ 3                                         BACKGROUND

¶ 4     On January 4, 2023, defendant pleaded guilty to aggravated driving under the influence (DUI)/3 (625 ILCS 5/11-501(a) (West 2022)) and was sentenced to 24 months' probation. The State's petition for VOP alleged that defendant violated his probation sentence because on January 16, 2025, defendant was arrested for DUI. The VOP hearing was set for January 17, 2025. As a result of that petition, defendant was detained.

¶ 5     The record reveals that a hearing was held on January 28, 2025. At that hearing, defense counsel referenced a prior VOP hearing on January 21, 2025, but the record contains no report of proceedings from that date. Defense counsel indicated that, at the hearing, defendant's release on the VOP was denied and that the DUI was still pending. Defense counsel stated that defendant's wife was there in court with his family and that defendant worked in IT for the charter school system and was concerned that he would lose his job if he remained incarcerated. Defense counsel also stated that one of defendant's children had special needs, attended the charter school and was transported to school by defendant. Defense counsel verified with defendant's wife that he finished the community service that was part of the probation and had spoken with both defendant and his wife for getting alcohol treatment if he was released while his new case was pending. Defense counsel noted that he had a list of places that would accept defendant into their programs if he were released and requested that defendant be released with some type of conditions so that he could continue to support his family and maintain his employment.

¶ 6     In response, the trial court noted that the problem was that defendant's probation was for a Class 2 aggravated DUI, and the latest arrest was defendant's fourth DUI arrest. The trial court further indicated that defendant was facing a three-year sentence for VOP and if indicted on the new case, defendant was facing another Class 2 felony. The court indicated that it had concerns about public safety and did not have confidence in "any monitoring regime." The trial court stated that while it empathized with defendant's situation and the compelling mitigation evidence, it was denying defense counsel's request after weighing it against the community's interest and safety. The next court date was scheduled for February 3, 2025, but no report of proceedings is contained in the record from that date.

¶ 7     The record indicates that on the same date, defendant filed a motion for admittance into SMART Care for assessment and evaluation and if appropriate, substance abuse and/or mental health treatment, which was granted.

¶ 8     Defendant's notice of appeal from his pretrial detention was filed on March 12, 2025, indicating that the date of order on motion for relief was filed on March 12, 2025, and further that the dates of the hearings regarding his pretrial release were January 21, January 28, and February 27, 2025. The record does not contain a copy of the motion for relief or an order on motion for relief, nor any other reports of proceedings beyond what is noted above. The Cook County Public Defender's Office was appointed to represent defendant on appeal on March 21, 2025. Defendant has not filed a memorandum in support of his appeal.

¶ 9                                ANALYSIS

¶ 10    Illinois Supreme Court Rule 604(h) governs appeals stemming from the enactment of Public Act 101-652, § 10-255 (eff. Jan. 1, 2023) and Public Act 102-1104, § 70 (eff. Jan. 1, 2023).

See *Rowe v. Raoul*, 2023 IL 129248, ¶ 52 (vacating the stay of the pretrial release provisions in Public Act 101-652 on September 18, 2023).

¶ 11    The relevant portions of Rule 604(h) provide:

"(1) Orders Appealable. An appeal may be taken to the Appellate Court from an interlocutory order of court entered under sections 110-5, 110-6, and 110-6.1 of the Code of Criminal Procedure of 1963 as follows:

(i)    by the State and by the defendant from an order imposing conditions of pretrial release;

(ii)    by the defendant from an order revoking pretrial release or by the State from an order denying a petition to revoke pretrial release;

(iii)    by the defendant from an order denying pretrial release; or

(iv)    by the State from an order denying a petition to deny pretrial release.

(2) Motion for Relief. As a prerequisite to appeal, the party taking the appeal shall first present to the trial court a written motion requesting the same relief to be sought on appeal and the grounds for such relief. The trial court shall promptly hear and decide the motion for relief. Upon appeal, any issue not raised in the motion for relief, other than errors occurring for the first time at the hearing on the motion for relief, shall be deemed waived.

* * *

(7) Memoranda. The motion for relief will serve as the argument of the appellant on appeal. The appellant may file, but is not required to file, a memorandum not exceeding 4500 words, within 21 days of the filing of the record on appeal. Issues raised in the motion for relief are before the appellate court regardless of whether the optional memorandum is

filed. If a memorandum is filed, it must identify which issues from the motion for relief are being advanced on appeal." Ill. S. Ct. R. 604(h) (eff. Apr. 15, 2024).

¶ 12 While neither party challenges this court's jurisdiction, we have an independent duty to review our jurisdiction. *People v. Burries*, 2025 IL App (5th) 241033, ¶ 16. The filing of a notice of appeal is the jurisdictional step which initiates appellate review. *Id.* Further, it is well settled that our supreme court rules are not mere suggestions, and they have the force of law. *Id.* ¶ 22.

¶ 13 In this case, defendant's notice of appeal was filed using the notice of appeal approved by our supreme court for Rule 604(h) appeals. That standardized form only requires a defendant to provide the date of the order on motion for relief, and to list the date(s) of hearing(s) regarding pretrial release. *Burries*, 2025 IL App (5th) 241033, ¶ 17. Defendant's notice of appeal complies with these requirements.

¶ 14 Additionally, that standardized form indicates that, "[w]ithout an Order on a Motion for Relief, this notice of appeal is prohibited by Rule 604(h)(2)." In spite of our diligent review of the record, we did not find a copy of such order or motion, despite the notice of appeal form indicating that an order was entered on March 12, 2025. The defendant bears the responsibility of preserving a sufficiently complete record of proceedings before the trial court. *People v. Singer*, 2021 IL App (2d) 200314, ¶ 54. Where the record is incomplete, we presume that the trial court's judgment was proper. *Id.*

¶ 15 We find that defendant has failed to comply with Rule 604(h)(2) because the record does not contain a motion for relief or an order on motion for relief, which is a procedural perquisite to reaching the merits of an appeal. Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024); *Burries*, 2025 IL App (5th) 241033, ¶ 25.

¶ 16    Where the defendant fails to properly place the arguments advanced on appeal before the trial court, this court cannot review the judgment as to those issues. *Id*. ¶ 28. A standard of review cannot be applied if there are no arguments properly before either the lower court or this court to be addressed, and courts have continuously held that dismissal is proper for failure to comply with supreme court rules. *Id.* Pursuant to Rule 604(h)(2), defendant's failure to include a motion for relief waives any argument on appeal regarding his pretrial relief. Ill. S. Ct. R. 604(h)(2) (eff. Apr. 15, 2024). We must therefore dismiss this appeal for defendant's failure to comply with Rule 604(h)(2).

¶ 17                                          CONCLUSION

¶ 18    We find that the record contains no motion for relief as contemplated under Rule 604(h)(2) and thus, there remains no issues for this court to review which are not waived by defendant's failure to include such motion. We therefore dismiss this matter for defendant's failure to comply with Rule 604(h)(2).

¶ 19    Appeal dismissed.